UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAGHVENDRA SINGH,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>INTERNAL REVENUE SERVICE and DAVID PALMER,<br><br>　　　　　Defendants. | No.  2:24-cv-2162 DJC AC PS<br><br><br>ORDER |

Plaintiff is proceeding in this action pro se.  This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21).  Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") and have submitted the affidavit required by that statute.  See 28 U.S.C. § 1915(a)(1).  The motion to proceed IFP will therefore be granted.

I.  SCREENING

A.　Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Plaintiff must assist the court in determining whether the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").  The

1

Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

////

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

### B. The Complaint

Plaintiff alleges that defendants caused the loss of millions of dollars' worth of his property by denying him the right to pay taxes. ECF No. 1 at 1. Plaintiff alleges that his properties were protected by IRS liens, but that the IRS conspired with state officials to allow the state to take his property by lowering the priority of IRS liens without informing plaintiff. Id. Plaintiff alleges all of this was done during his incarceration between 2019 and 2022. Id. Plaintiff further alleges that the Sacramento District Attorney is prosecuting minorities for non-criminal, fabricated charges. Id. at 2. Plaintiff seeks injunctive relief regarding his lost properties. Id. at 2. Plaintiff asserts that taking property without informing the owner is an Extrinsic Fraud. Id. Plaintiff alleges that the failure of the IRS to give proper notice deprived him of the opportunity to litigate the tax liability. Id. Plaintiff asserts violations of sections 7432 and 7433 of the Internal Revenue Code. Id. at 3. Plaintiff also indicates that he seeks to bring a Bivens Action. Id.

### C. Discussion

The complaint as drafted does not state a claim upon which relief can be granted. Sections 7432 and 7433 of the Internal Revenue Code allow taxpayers to bring civil actions in the United States district courts to recover damages from the government when an IRS officer or employee knowingly or negligently fails to release a lien (§ 7432) or recklessly or intentionally disregards any provision of the Internal Revenue Code, or any regulation promulgated thereunder (§ 7433). An action for damages under Section 7432 must be brought "within 2 years after the

1  date the right of action accrues." Id. at (d)(3). "A cause of action accrues when the taxpayer has
2  had a reasonable opportunity to discover all essential elements of a possible cause of action." 26
3  U.S.C. §7432(d)(3). The provision also requires that "judgment for damages shall not be
4  awarded . . . unless the court determines that the plaintiff has exhausted the administrative
5  remedies available to such plaintiff within the Internal Revenue Service." 26 U.S.C. §7432(d)(1).
6  Section 7433 contains these same limitations. 26 U.S.C. § 7433(d)(1)-(3).

7  Taking the facts alleged in plaintiff's complaint as true, it is not clear that plaintiff can
8  state a claim under either of these statutes. The allegations themselves do not align with the plain
9  language of the statutes. Plaintiff claims his property was "protected by IRS's liens" but that the
10 IRS conspired with state officials to take his properties "by lowering the priority of IRS's liens
11 without informing Singh and without any notice to Singh." ECF No. 1 at 1. It is not clear how
12 these allegations support claims under § 7432, which provides a cause of action when a lien is not
13 properly released. It is also not clear that these facts can support a claim under § 7433, because
14 plaintiff does not identify any provision of the Internal Revenue Code that was allegedly
15 disregarded or provide any facts to support that part of the code was disregarded.

16 Though the pleading is not clearly drafted, it appears to the court that the substance of
17 plaintiff's complaint is that the IRS allowed the State to prioritize its claim to plaintiff's property
18 over enforcing its own rights. Plaintiff does not allege that the IRS had an improper lien on his
19 properties, or even that the IRS enforced a lien or took plaintiff's property. Indeed, it appears
20 from plaintiff's complaint that he is suing the IRS because it did *not* enforce its liens, freeing up
21 other creditors to do so. The court does not believe that the decision to not enforce a lien or seize
22 plaintiff's property can create a cause of action against the IRS, and plaintiff's compliant does not
23 demonstrate otherwise. Further, the court notes there is no indication that plaintiff has exhausted
24 his administrative remedies with the IRS. Accordingly, the complaint as drafted does not state a
25 claim under these provisions.

26 Plaintiff also asserts that a Bivins action is available. ECF No. 1 at 2. In Bivins v. Six
27 Unknown Named Agents of the Fed. Narcotics Bureau, 403 U.S. 388 (1971), the Supreme Court
28 recognized a cause of action against federal actors for constitutional torts that is analogous to a

4

cause of action under 42 U.S.C. § 1983. The U.S. Supreme Court has effectively restricted Bivens claims to certain violations of the Fourth, Fifth and Eighth Amendments. See Bivens, 403 U.S. 388 (Fourth Amendment illegal search and arrest); Davis v. Passman, 442 U.S. 228 (Fifth Amendment due process); Carlson v. Green, 446 U.S. 14 (1980) (Eighth Amendment wrongful death of prisoner).

Plaintiff cites a Seventh Circuit case, Cameron v. IRS, 773 F.2d 126, 129 (7th Cir. 1985) for the proposition that there is a potential Bivins action when an IRS agent violates a person's Fourth or Fifth Amendment rights. ECF No. 1 at 3. Cameron, while not binding on this court, is instructive in explaining the types of unusual and extreme circumstances in which a Bivens action may be available against an IRS agent. In Cameron, the Seventh Circuit evaluated a "tax protester" plaintiff's putative Bivins claim against an IRS employee for badgering the plaintiff in connection with the attempt to collect taxes. Cameron, 773 F.2d at 128. The Seventh Circuit held that a Bivens claim is not available for claims arising from ordinary tax collection and related errors. Id.

The Cameron court explained:

> If in the course of enforcing the tax laws internal revenue agents ransack people's homes without a warrant, or otherwise violate the Fourth Amendment, the argument for a damage remedy against the agents is a powerful one, since a suit for a tax refund would not be an adequate substitute . . . But the argument becomes completely untenable when as in this case the only claim is that the agents made mistakes, subjected the taxpayer to unnecessary inconvenience, failed to explore possibilities for settlement, or otherwise failed to come up to the highest standards of conduct for government officers dealing with citizens. In an era of heavy taxation, many taxpayers, not merely "tax protesters," feel intense irritation at the federal tax authorities, and the courts would be flooded with frivolous cases if the unavoidable frictions generated by tax collection gave rise to potential damage claims against internal revenue agents.

Cameron, 773 F.2d at 128–29.

Here, the complaint does not state a Bivens cause of action because the only allegations are that Singh's property was "protected by IRS's liens" and that by lowering its own lien priority, and denying Singh his right to pay taxes, defendant caused plaintiff's loss of his properties to the state. ECF No. 1 at 3. The complaint, "insofar as it seeks damages against the

5

individual defendants for excesses in the performance of their official duties, fails to state a claim[.]" Cameron, 773 F.2d at 129.

Accordingly, the complaint does not state a claim upon which relief can be granted. Rather than recommending dismissal of the action at this time, the undersigned will provide plaintiff an opportunity to amend his complaint to allege facts supporting a cognizable cause of action.

## II.  AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must allege facts establishing a sufficient basis for his legal claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III.  PRO SE PLAINTIFF'S SUMMARY

It is not clear that this case can proceed in federal court. As drafted, the complaint does not allege facts that can support any legal claim. Because the complaint fails to state a claim upon which relief can be granted, it will not be served on defendants. Your lawsuit cannot proceed unless you fix the problems with your complaint.

You are being given 30 days to submit an amended complaint that provides facts that support legal claims for relief. If you submit an amended complaint, it needs to explain in simple terms what laws or legal rights of yours were violated, by whom and how, and how those violations impacted you. You need to state facts that demonstrate a plausible basis for your legal claims. If you do not submit an amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

### IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff shall have 30 days from the date of this order to file an amended complaint that names defendants who are amenable to suit, and which complies with the instructions

////

////

////

given above.  If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: October 30, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

8