UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAGHVENDRA SINGH,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>INTERNAL REVENUE SERVICE and DAVID PALMER,<br><br>　　　　　　Defendants. | No.  2:24-cv-2162 DJC AC PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se.  This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21).  Plaintiff previously filed a request for leave to proceed in forma pauperis ("IFP"), and that request was granted.  See 28 U.S.C. § 1915(a)(1); ECF No. 3. Pursuant to the screening process associated with IFP status, described below, plaintiff's initial complaint was rejected with leave to amend.  ECF No. 3.  Plaintiff timely filed an amended complaint (ECF No. 4) which is now before the undersigned for screening.

## I.  SCREENING

### A.  Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

Plaintiff must assist the court in determining whether the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal,

556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

      B.      The Initial Complaint

Plaintiff's initial complaint alleged that defendants caused the loss of millions of dollars' worth of plaintiff's property by denying him the right to pay taxes. ECF No. 1 at 1. Plaintiff alleged that his properties were protected by IRS liens, but that the IRS conspired with state officials to allow the state to take his property by lowering the priority of IRS liens without informing plaintiff. Id. Plaintiff alleged all of this was done during his incarceration between 2019 and 2022. Id. Plaintiff further alleged that the Sacramento District Attorney is prosecuting minorities for non-criminal, fabricated charges. Id. at 2. Plaintiff sought injunctive relief regarding his lost properties. Id. at 2. Plaintiff asserted that taking property without informing the owner is an Extrinsic Fraud. Id. Plaintiff alleged that the failure of the IRS to give proper notice deprived him of the opportunity to litigate the tax liability. Id. Plaintiff asserted violations of sections 7432 and 7433 of the Internal Revenue Code. Id. at 3. Plaintiff also indicated that he wanted to bring a Bivens Action. Id.

The undersigned rejected the initial complaint on screening, explaining that it did not state a claim upon which relief can be granted. The undersigned explained that sections 7432 and 7433 of the Internal Revenue Code allow taxpayers to bring civil actions in the United States district courts to recover damages from the government when an IRS officer or employee knowingly or negligently fails to release a lien (§ 7432) or recklessly or intentionally disregards any provision of the Internal Revenue Code, or any regulation promulgated thereunder (§ 7433). An action for

damages under Section 7432 must be brought "within 2 years after the date the right of action accrues." Id. at (d)(3). "A cause of action accrues when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action." 26 U.S.C. §7432(d)(3). The provision also requires that "judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." 26 U.S.C. §7432(d)(1). Section 7433 contains these same limitations. 26 U.S.C. § 7433(d)(1)-(3).

Taking the facts alleged in plaintiff's complaint as true, the court explained that it did not appear plaintiff could state a claim under either of these statutes because the allegations themselves do not align with the plain language of the statutes. Plaintiff claimed his property was "protected by IRS's liens" but that the IRS conspired with state officials to take his properties "by lowering the priority of IRS's liens without informing Singh and without any notice to Singh." ECF No. 1 at 1. The court explained that those allegations do not support claims under § 7432, which provides a cause of action when a lien is *not properly released*. Further, the court explained that the facts alleged could not support a claim under § 7433, because plaintiff did not identify any provision of the Internal Revenue Code that was allegedly disregarded or provide any facts to support that part of the code was disregarded.

In the order screening the initial complaint, the court noted that substance of plaintiff's complaint is that the IRS allowed the State to prioritize its claim to plaintiff's property over enforcing its own rights. Plaintiff did not allege that the IRS had an improper lien on his properties, or even that the IRS enforced a lien or took plaintiff's property. Instead, plaintiff was suing the IRS because it did not enforce its liens, freeing up other creditors to do so. The court explained that it does not believe that the decision *not to enforce* a lien or seize plaintiff's property can create a cause of action against the IRS, and plaintiff's compliant did not demonstrate otherwise. Further, the court noted there was no indication that plaintiff has exhausted his administrative remedies with the IRS.

The court further explained that a Bivins action was not available under the facts alleged in the initial complaint. ECF No. 1 at 2. In Bivins v. Six Unknown Named Agents of the Fed.

4

Narcotics Bureau, 403 U.S. 388 (1971), the Supreme Court recognized a cause of action against federal actors for constitutional torts that is analogous to a cause of action under 42 U.S.C. § 1983.  The U.S. Supreme Court has effectively restricted Bivens claims to certain violations of the Fourth, Fifth and Eighth Amendments.  See Bivens, 403 U.S. 388 (Fourth Amendment illegal search and arrest); Davis v. Passman, 442 U.S. 228 (Fifth Amendment due process); Carlson v. Green, 446 U.S. 14 (1980) (Eighth Amendment wrongful death of prisoner).

In the initial complaint, plaintiff cited a Seventh Circuit case, Cameron v. IRS, 773 F.2d 126, 129 (7th Cir. 1985) for the proposition that there is a potential Bivins action when an IRS agent violates a person's Fourth or Fifth Amendment rights. ECF No. 1 at 3.  The undersigned explained that Cameron, while not binding on this court, is instructive in explaining the types of unusual and extreme circumstances in which a Bivens action may be available against an IRS agent.  In Cameron, the Seventh Circuit evaluated a "tax protester" plaintiff's putative Bivins claim against an IRS employee for badgering the plaintiff in connection with the attempt to collect taxes.  Cameron, 773 F.2d at 128.  The Seventh Circuit held that a Bivens claim is not available for claims arising from ordinary tax collection and related errors.  Id.

The Cameron court explained:

> If in the course of enforcing the tax laws internal revenue agents ransack people's homes without a warrant, or otherwise violate the Fourth Amendment, the argument for a damage remedy against the agents is a powerful one, since a suit for a tax refund would not be an adequate substitute . . .  But the argument becomes completely untenable when as in this case the only claim is that the agents made mistakes, subjected the taxpayer to unnecessary inconvenience, failed to explore possibilities for settlement, or otherwise failed to come up to the highest standards of conduct for government officers dealing with citizens.  In an era of heavy taxation, many taxpayers, not merely "tax protesters," feel intense irritation at the federal tax authorities, and the courts would be flooded with frivolous cases if the unavoidable frictions generated by tax collection gave rise to potential damage claims against internal revenue agents.

Cameron, 773 F.2d at 128–29.

The undersigned concluded that the initial complaint did not state a Bivens cause of action because the only allegations were that Singh's property was "protected by IRS's liens" and that by lowering its own lien priority, and denying Singh his right to pay taxes, defendant caused

5

plaintiff's loss of his properties to the state. ECF No. 1 at 3. The complaint, "insofar as it seeks damages against the individual defendants for excesses in the performance of their official duties, fails to state a claim[.]" Cameron, 773 F.2d at 129.

Following the explanation of the complaint's deficiencies, the undersigned declined to serve the initial complaint but provided plaintiff an opportunity to amend his complaint to allege facts supporting a cognizable cause of action.

C. The Amended Complaint

Now before the court for screening is plaintiff's amended complaint. ECF No. 4. Like the initial complaint, it alleges that the IRS acted illegally by *not* enforcing its own liens and allowing state officials to seize plaintiff's properties. ECF No. 4 at 1. The amended complaint does not allege a Bivins cause of action, but again invokes 26 U.S.C. § 7432 and § 7433. The central allegation is the same as that presented in the initial complaint: that the IRS failed to enforce its liens against plaintiff's properties. The amended complaint alleges "Singh has Right to pay Taxes and Right to have Properties. These Rights were violated by NOT ENFORCING IRS'S LIENS and by taking Singh's personal and real properties without even informing Singh and without paying Taxes." Id.

Plaintiff's amended complaint is substantively the same as the initial complaint and does not cure the problems identified in the prior screening order. Accordingly, the amended complaint fails to state a claim upon which relief can be granted for all the reasons identified above with respect to the initial complaint. Because plaintiff's allegations are clear and the court finds no cause of action available, the undersigned concludes further leave to amend would be futile. See California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."). It is therefore recommended that the amended complaint be dismissed without further leave to amend.

III. PRO SE PLAINTIFF'S SUMMARY

The magistrate judge is recommending that this case be dismissed because the facts you allege do not support a legal claim. You may object to this recommendation within 21 days. The

District Judge will make the final decision about whether to dismiss this case.

## IV.  CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that this case be dismissed for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Local Rule 304(d).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 7, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE